IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00675-LTB

GILES HOWARTH LOCKE,

    Plaintiff,

v.

G ROOD, Officer at the Boulder County Jail, in its individual capacity, and
BOULDER COUNTY SHERIFF'S OFFICE, in its individual capacity,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Giles Howarth Locke, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* letter requesting that the Court re-open his case on May 3, 2012. The Court must construe the motion liberally because Mr. Locke is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The letter, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Locke filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court,

therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e).  *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Locke fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Locke initiated this action by filing a *pro se* Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with the Court on March 16, 2012.  In an order filed on March 19, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Locke to cure an enumerated deficiency in this case within thirty days.  Specifically, Mr. Locke was directed to submit a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing.  He was informed that the § 1915 motion and affidavit was only necessary if the $350.00 filing fee was not paid in advance.  The March 19 order warned Mr. Locke that if he failed to cure the designated deficiency within the time allowed, the action would be dismissed without further notice.

On March 26, 2012, Mr. Locke filed a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  However, he failed to attach a certified copy of his inmate account statement.  On March 30, 2012, Mr. Locke filed a "Motion to File Without Payment of Filing Fee" in addition to a copy of his inmate account statement.  The account statement was not certified.

Therefore, on April 27, 2012, the Court entered an order dismissing the action without prejudice for Mr. Locke's failure to cure the deficiencies in this action. Judgment also entered on April 27, 2012.

In Mr. Locke's Motion to Reconsider, he asserts that he submitted an inmate account statement to the Court and accuses the Boulder County Jail of failing to send his mail. The Court did receive an inmate account statement from Mr. Locke on March 30, 2012. However, the account statement was not certified by either the warden or an appropriate officer at the facility where Mr. Locke is incarcerated. Mr. Locke did not submit a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 Motion, as he is required to do pursuant to § 1915(a)(2), and as is specified on Page Two of the § 1915 Motion and Affidavit form. Mr. Locke does not explain his failure to submit a certified inmate account statement, and he also does not argue that prison officials refused to provide him with a certified copy of his inmate account statement. Accordingly, Mr. Locke has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion to Reconsider will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012.

The instant action was dismissed without prejudice, and Mr. Locke may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the letter filed by Plaintiff, Giles Howarth Locke, on May 3, 2012, is construed as a motion to reconsider pursuant to Rule 59(e), and the motion is denied.

DATED at Denver, Colorado, this  7th  day of      May      , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court